Below is a Memorandum Decision of the Court.



**Marc Barreca**
**U.S. Bankruptcy Court Judge**

**(Dated as of Entered on Docket date above)**

_____

\_

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Case No. 20-12742-MLB |
| RYAN A. HITES, | |
| Debtor. | Adversary No. 21-01030-MLB |
| In re: | **MEMORANDUM DECISION** |
| UNITED STATES TRUSTEE, | |
| Plaintiff, | |
| v. | |
| RYAN A. HITES, | |
| Defendant. | |

## INTRODUCTION

This matter came before me on cross-motions for partial summary judgment by the United States Trustee (hereafter the "Plaintiff") and Mr. Ryan A. Hites (hereafter the "Defendant"). The following are my reasons for decision pursuant to Federal Rule of Civil Procedure (hereafter "Fed. R. Civ. P.") 56(a), incorporated under Federal Rule of Bankruptcy Procedure (hereafter "Fed. R. Bankr. P.") 7056.

**Below is a Memorandum Decision of the Court.**

## PROCEDURAL HISTORY

Plaintiff brought his Motion for Partial Summary Judgment (Dkt. No. 17) seeking summary judgment under 11 U.S.C. § 727(a)(2)(A) based on the following: (1) the May 1, 2020 $10,000 to Ms. Lai-Ping Look (hereafter the "May $10,000 Transfer"); (2) the May 21, 2020 $9,500 withdrawal out of the Defendant's Wells Fargo account (hereafter the "$9,500 Withdrawal); and (3) the $9,400 cash transfer deposited into Ms. Look's bank account on May 22, 2020 (hereafter the "$9,400 Transfer," and collectively referred to as the "$9,500/$9,400 Transfers").

Defendant brought his Motion for partial Summary Judgment (Dkt. No. 21) seeking summary judgment denying claims under 11 U.S.C. § 727(a)(2)(A) based on the following: (1) the February 18, 2020 $10,000 transfer to Ms. Look (hereafter the "February $10,000 Transfer"); (2) the March 9, 2020 $800 transfer to Ms. Look (hereafter the "March $800 Transfer"); (3) the April 9, 2020 $800 transfer to Ms. Look (hereafter the "April $800 Transfer"); (4) the May $10,000 Transfer; (5) the May 4, 2020 $6,000 transfer to Ms. Look (hereafter the "May $6,000 Transfer"); (6) $9,500/$9,400 Transfers; and (7) transfers made to Victory Insurance Solutions, Inc. (hereafter "Victory Insurance").

Plaintiff and Defendant each filed a response and reply. Dkt. Nos. 27, 28, 29, and 31. Neither partial summary judgment motion addresses the 11 U.S.C. § 727(a)(4) claims regarding alleged false oaths as to the various transfers to Ms. Look, transfers to Victory Insurance Solutions Inc., or transfers Defendant received from his parents.

At the hearing on December 2, 2021, I took the matter under advisement. Based on the following, I conclude that the Plaintiff is entitled to judgment denying the Defendant a discharge under 11 U.S.C. § 727(a)(2)(A) based upon the $9,500/$9,400 Transfers. I also conclude that there are genuine disputes of material fact regarding the Defendant's subjective intent for purposes of 11 U.S.C. § 727(a)(2)(A) as to all of the transfers except for the $9,500/$9,400 Transfers and the May $10,000 Transfer. I further conclude that pursuant to Fed. R. Civ. P. 56(g), determinations of the parties' requests for judgment on the May $10,000 Transfer 11 U.S.C. § 727(a)(2)(A) claim are better deferred to trial, if trial becomes necessary, rather than on partial summary judgment motions.

**Below is a Memorandum Decision of the Court.**

**JURISDICTION**

I have jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

**FACTS**

The Defendant was employed as an insurance broker by Griffin MacLean Inc. (hereafter "Griffin MacLean") from 2015 until October 2018. The Defendant and his business partner left Griffin MacLean and started their own insurance company, Victory Insurance.

In November 2018, Griffin MacLean filed a complaint in King County Superior Court against the Defendant and others. Griffin MacLean asserted claims including breach of contract, unjust enrichment, and tortious interference with business relationships or expectancies. On or about March 12, 2020, following a trial, the jury returned a verdict against the Defendant in favor of Griffin MacLean. On June 1, 2020, the King County Superior Court entered a final judgment against the Defendant.

On November 2, 2020, the Defendant filed a bankruptcy petition under Chapter 11 (Case No. 20-12742-MLB). On March 31, 2021, the Defendant's Chapter 11 case was converted to one under Chapter 7. Griffin MacLean filed an Amended Proof of Claim based on its state court judgment in the amount of $1,437,476.54 (Case No. 20-12742-MLB, Proof of Claim 10-2).

On April 23, 2021, the Plaintiff initiated this adversary proceeding seeking to deny Defendant his discharge based on 11 U.S.C. §§ 727(a)(2)(A) and (B), (a)(3), and (a)(4) claims regarding various transactions and alleged nondisclosures. The parties have subsequently stipulated to elimination of some of the claims.

Defendant has lived with his girlfriend, Ms. Look since about 2014. Dkt. No. 23-2, p. 11, ll. 16-22. At her deposition Ms. Look stated that she expects the Defendant to contribute to household expenses. Dkt. No. 25-1, p. 13, ll. 25, and p. 14 ll. 1–2. Between December 4, 2019 and May 7, 2020, the Defendant made multiple transfers to Victory Insurance (hereafter the "Victory Insurance Transfers"). Between February 18, 2020, and May 22, 2020, the Defendant made multiple transfers to

Ms. Look including the February $10,000 Transfer, March $800 Transfer, April $800 Transfer, May $6,000 Transfer, and the May $10,000 Transfer.

On May 1, 2020, the Defendant transferred $10,000 to Ms. Look's personal bank account from his personal checking account. In an email to Mr. Wenokur, Defendant's bankruptcy counsel, the Defendant stated, "I gave her my money to safeguard from account garnishment." Dkt. No. 19-6, p. 5. On May 6, 2020, Ms. Look returned the funds to the Defendant. The Defendant then paid the $10,000 to his state court attorney for contempt fines that were due. Dkt. No. 22-1, p. 6, ll. 6–10.

Defendant had previously initiated a withdrawal from his 401K Account. On May 19, 2020, the 401K Account withdrawal funds in the amount of $9,654.42 were received and credited to his personal Well Fargo bank account. Dkt. Nos. 22, Exhibits 11 and 20. On May 21, 2020, the Defendant withdrew $9,500 from his Wells Fargo account. *Id.* The Defendant then "gave $9,400 of the . . . cash withdrawal to Look, and she deposited those funds into her account on May 22, 2020." Dkt. No. 22-1, p. 7, ll. 1–2.

At the Defendant's deposition on October 15, 2021, when asked "on May 21, 2020, you made a $9,500 withdrawal from the bank; is that correct," the Defendant stated "[y]eah, that's correct." Dkt. No. 23-3, p. 33, ll. 13–15. Defendant was then asked, "[a]nd what was your explanation to Mr. Wenokur," and he stated "[p]ulling money out of account to avoid garnishment." *Id.* at p. 33, ll. 16–18 and Dkt. No. 19-6, p 5. Defendant goes on to explain that his plan was to open a new bank account to transfer funds to, but that he had difficulty opening a new bank account due to the COVID-19 pandemic. Dkt. No. 23-3, p.33 ll. 24–25, p. 34, ll. 1–12. Defendant further stated "[w]ell, my understanding is that a creditor has to know where you bank to be able to take your money from there, so if you have an account they didn't know about, then that wouldn't be the case" *Id.* at p. 34, ll. 16–19.

Unable to open a new account, the Defendant took a "cash withdrawal" of $9,500 and gave $9,400 of that withdrawal to Ms. Look. The Defendant asserts that "Look used those funds in May and June 2020 to pay our regular monthly expenses." Dkt. No. 22-1, page 7, ll. 2–3.

# ANALYSIS

## I. Legal Standard

### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). A fact is material if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When a properly supported motion for summary judgment has been presented, the adverse party "may not rest upon the mere allegations or denials of his own pleading." *Id.* Rather, the non-moving party must set forth specific facts demonstrating the existence of a genuine issue for trial. *Id.* at 256. While all justifiable inferences are to be drawn in favor of the non-moving party, when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *Matsushita Elec. Indus Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citations omitted).

### B. 11 U.S.C. § 727(a)(2)

Under 11 U.S.C. § 727(a)(2)(A):

> "The court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition . . . ."

11 U.S.C. § 727(a)(2)(A).

"A party seeking denial of discharge under § 727(a)(2) must prove two things: '(1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder,

delay or defraud a creditor through the act of disposing of the property.'" *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (citing *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir.1997)).

The party "objecting to discharge 'bear[s] the burden of proving by a preponderance of the evidence that the debtor's discharge should be denied.'" *Id.* at 1196. "Section 727's denial of discharge is construed liberally in favor of the debtor and strictly against those objecting to discharge." *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1342 (9th Cir. 1986) (citing *Devers v. Bank of Sheridan (In re Devers)*, 759 F.2d 751, 754 (9th Cir. 1985). "A debtor's intent need not be fraudulent to meet the requirements of § 727(a)(2). Because the language of the statute is in the disjunctive it is sufficient if the debtor's intent is to hinder or delay a creditor." *In re Retz*, 606 F.3d at 1200 (citing *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1281–82 (9th Cir. 1996). "Furthermore, 'lack of injury to creditors is irrelevant for purposes of denying a discharge in bankruptcy.'" *Id.* (quoting *In re Adeeb*, 787 F.2d at 1343).

As one court noted, "[s]ummary judgment is not commonly available in cases featuring intent as a necessary element, but, as this case illustrates, there are exceptions." *Hannon v. ABCD Holdings, LLC (In re Hannon)*, 839 F.3d 63, 75 (1st Cir. 2016); *see also In re Kontrick*, 295 F.3d 724, 737 (7th Cir. 2002), *aff'd sub nom. Kontrick v. Ryan*, 540 U.S. 443 (2004) (stating "[i]ntent is normally a question of fact and often not susceptible to summary judgment. Here, however, we have direct and unrebutted evidence."). Although courts must use caution in granting summary judgment when intent is at issue, where there is a clear admission from a debtor of intent summary judgment may be appropriate. *See e.g., In re Adeli*, Adversary No. LA 05-020644-TD, 2009 WL 7809009, at *12 (B.A.P. 9th Cir. Mar. 24, 2009), *aff'd*, 384 Fed. Appx. 599 (9th Cir. 2010) and *Cain v. Rawson (Matter of Rawson)*, 734 Fed. Appx. 507, 508–09 (9th Cir. Aug. 14, 2018).

## II. Transfers to Ms. Look and Victory Insurance

For purposes of this analysis, the transfers referenced in the summary judgment motions will be separated into three categories: Transfers Where a Genuine Dispute of Material Fact Remains; $9,500/$9,400 Transfers; and the May $10,000 Transfer.

### A. Transfers Where a Genuine Dispute of Material Fact Remains

As stated above, except for the May $10,000 Transfer and the $9,500/$9,400 Transfers, the circumstantial evidence creates a genuine dispute of material fact as to the February $10,000 Transfer, March $800 Transfer, April $800 Transfer, May $6,000 Transfer, and the Victory Insurance Transfers. For these transfers, the Debtor asserted that he lacked intent and motivation as the transfers related to household and business expenses, not an intent to hinder or delay Griffin MacLean or any other creditor. However, the Plaintiff submits that circumstantial evidence including the pendency of litigation by Griffin MacLean at the time of the transfers in question and the Defendant's poor financial condition indicate an intent to hinder or delay.

I conclude that there are genuine disputes of material fact regarding the Defendant's intent for purposes of 11 U.S.C. § 727(a)(2)(A) as to the February $10,000 Transfer, March $800 Transfer, April $800 Transfer, May $6,000 Transfer, and the Victory Insurance Transfers.

### B. $9,500/$9,400 Transfers

Unlike the transfers described above, the Defendant admits intent to hinder or delay as to the $9,500/$9,400 Transfers. In his own summary judgment motion the Defendant admits intent indicating that "Hites stated the May 22, 2020, $9,400 transfer was made with the intent to avoid garnishment." Dkt. No. 21, p. 12, ll. 17–18.

The Defendant stated that he took the $9,500 cash withdrawal and gave $9,400 of the withdrawal to Ms. Look to protect the money from garnishment by Griffin MacLean. As indicated above, the

Defendant originally intended to put the money into a bank account unknown to Griffin MacLean, and when that was not possible, he transferred the money to Ms. Look. After the transfer to Ms. Look, Defendant asserts that Ms. look used the funds for their mutual living expenses. Dkt. No. 22-1, p. 7, ll. 2–3. However, where a debtor transfers money to a third-party account to avoid a collection by a creditor with a large judgment, courts have held that it does not matter whether the money was then used for personal expenses. *Rose v. Reaves (In re Rose)*, 574 B.R. 141, 156 (D. Ariz. 2017), *aff'd sub nom. Rose v. Reaves*, 754 Fed. Appx. 572 (9th Cir. 2019).

Here, the Defendant admitted the $9,500/$9,400 Transfers were to avoid garnishment by creditor Griffin MacLean, the creditor who had recently obtained a verdict against him. Even in the Defendant's email to his own bankruptcy attorney, he admitted the $9,500 Withdrawal was "[p]ulling money out of account to avoid garnishment." *See* Dkt. No. 22-4, p. 6. There has been no evidence submitted by the Defendant disputing that his intent, in regards to the $9,500/$9,400 Transfers, was to avoid garnishment by Griffin MacLean.

As to the $9,500/$9,400 Transfers, I conclude there are no genuine disputes of material fact. The Defendant transferred assets with the intent to hinder or delay creditor Griffin MacLean, and his discharge will be denied pursuant to 11 U.S.C. § 727(a)(2).

### C. May $10,000 Transfer

There also does not appear to be a genuine dispute of material fact as to the Debtor's intent for the May $10,000 Transfer. As previously stated, the Defendant asserts that he gave the money to Ms. look to safeguard from account garnishment. Dkt. No. 19-6, p. 5. However, unlike the $9,500/$9,400 Transfers, for the May $10,000 Transfer the Defendant asserts the "Disclose-and-Recover" defense articulated in *Adeeb*, 787 F.2d 1339.

In *Adeeb*, the Bankruptcy Appellate Panel held that:

> A debtor who transfers property within one year of bankruptcy with the intent penalized by section 727(a)(2)(A) may not be denied discharge debts if he reveals the transfers to his creditors, recovers substantially all of the property before he files his bankruptcy petition, and is otherwise qualified for a discharge.

*Id.* at 1345.

Moreover, the *Adeeb* court held that reading "'transferred' as used in Section 727(a)(2)(A) to mean 'transferred and remained transferred' is most consistent with the legislative purpose of the section.'" *Id.* at 1345–46.

Some courts have determined that the notice to creditors required under *Adeeb* must be given prepetition. *See In re Adeli*, 2009 WL 7809009 at *11. Here, the record is devoid of any evidence of notice to creditors, prior to the amended schedules and statement of financial affairs filed on April 16, 2021. Case No. 20-12742-MLB, Dkt. No. 115. None of the cases citing *Adeeb* suggest that the element "reveals the transfers to his creditors" is discretionary. However, none of the cases appear to involve a return of the transfer to the debtor and a nearly immediate indirect transfer of the same funds to the very creditor the debtor initially intended to hinder or delay.

Under Fed. R. Civ. P. 56(g):

> Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.

Fed. R. Civ. P. 56(g) Advisory Committee's Comment to 2010 Amendment.

Nondisclosure of the May $10,000 Transfer is the subject of a remaining 11 U.S.C. § 727(a)(4) claim. The evidence to be presented at any future trial will not be substantially reduced by ruling on the *Adeeb* "Disclose-and-Recover" defense now. Moreover, a determination of the 11 U.S.C. § 727(a)(2)(A) claim based on the May $10,000 Transfer requires me to make a decision as to whether to

extend the *Adeeb* "Disclose-and-Recover" defense to a case where there has not been pre-bankruptcy communication to creditors of the reversed transfer, but where the very funds involved appear to have been almost immediately indirectly paid to the affected creditor. Any determination I make on the *Adeeb* issue is in any event mooted by my determination that Defendant is not entitled to a discharge based on the $9,500/$9,400 Transfers, absent appeal and reversal.

## CONCLUSION

Based on the foregoing, the Plaintiff's summary judgment motion is granted in part solely as to the $9,500/$9,400 Transfers, and the Defendant's summary judgment motion is denied. I conclude that there is no just reason for delay and that entry of final judgment in favor of the Plaintiff against Defendant on the 11 U.S.C. § 727(a)(2) claim is appropriate under Fed. R. Civ. P. 54(b), incorporated for adversary proceedings pursuant to Fed. R. Bankr. P. 7054.

Counsel for the Plaintiff should submit a received unsigned order granting Plaintiff's Motion in part and denying the Defendant's summary judgment motion. The order should include the following language: "This is a final order. The trial is stricken and all further activity in this adversary proceeding is stayed absent further order until such time as any appeal of this order is complete. If there is no appeal of this order, the Clerk's office shall close this adversary proceeding."

/ / / End of Memorandum Decision / / /